## COPP v. COLORADO COAL & IRON CO.

(City Court of New York, General Term. July 11, 1900.)

1. CORPORATIONS—DISSOLUTION—PRIOR INDEBTEDNESS—LIABILITY.

Gen. St. Colo. 1883, § 270, providing that the dissolution of a corporation shall not take away or impair any remedy against it for liabilities incurred before its dissolution, does not apply, where defendant company was consolidated with another to form a new corporation, to an action against it on a contract executed by it with the plaintiff prior to the consolidation.

2. DEBTS OF CONSOLIDATING CORPORATIONS—NEW CORPORATION—LIABILITY.

Under Gen. St. Colo. 1883, § 349, providing that on the consolidation of two or more corporations to form a new one the consolidated company shall be responsible for and assume all just liabilities of each of the companies consolidated; and section 351, declaring that such consolidation shall not affect suits pending to which such corporations are parties,—where defendant company was consolidated with another to form a new corporation, an action instituted against it two years after the consolidation on a contract executed prior thereto cannot be maintained, since the suit was not pending at the time of the consolidation, and the liability had become that of the new corporation.

Appeal from trial term.

Action by W. A. Copp against the Colorado Coal & Iron Company. From a judgment in favor of plaintiff, defendant appeals. Reversed. See 60 N. Y. Supp. 293.

Argued before CONLAN and HASCALL, JJ.

James Stikeman, for appellant.
John O'Connell, for respondent.

HASCALL, J. It seems that the defendant company was not dissolved, but was consolidated and merged with another company. We must hold, therefore, that the statute of Colorado (Gen. St. § 270) providing "that the dissolution of a corporation * * * shall not take away or impair any remedy given against such corporation for liabilities incurred before its dissolution," does not apply to the case at bar. But section 349, Gen. St. 1883, expressly provides "the consolidated company shall be responsible for and shall assume and pay all the just liabilities of each of the companies so consolidated," etc., while section 351 declares "such * * * consolidation * * * shall not affect suits pending in which such corporations shall be parties, * * * nor shall suits brought against such corporation by its former name be abated." Thus it would appear that

.the right of action, if any exist, in favor of the respondent, has by the
:statutory provision above cited become a liability of the Colorado
Fuel & Iron Company, and no longer exists against the defendant ap-
pellant herein.

· It appears that the action was brought some considerable time after
the defendant had been merged and consolidated, and was, therefore,
not a "suit pending" at the time of merger; and, while the cause of
:action may not have abated or been lost against the new corporation
under section 349, above quoted, yet we conclude that it did not exist
·against this defendant when plaintiff brought his suit.

Judgment and order appealed from reversed, with costs of appeal,
:and complaint dismissed, with costs of action to appellant.

CONLAN, J., concurs.